## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

REECE SHOUP,

      Plaintiff,

v.                                    Case No. 8:25-cv-2963-WFJ-SPF

DEPUTY W. INGERSOLL, *et al.*,

      Defendants.

_____/

## <u>ORDER</u>

Reece Shoup, a Florida prisoner, initiated this action by filing a *pro se* civil-rights complaint under 42 U.S.C. § 1983, (Doc. 1), and an affidavit of indigency, (Doc. 2). Mr. Shoup alleges that in September 2018, he took a shower at the Hernando County Detention Center and applied a "new soap product" to his body. (Doc. 1 at 9). Soon after, he "felt a painful burning sensation in [his] eyes and face" and yelled, "This is not soap." (*Id.* at 10). Mr. Shoup allegedly suffered "chemical[] burn[s]" to his face and eyes. (*Id.*) Moreover, until his transfer to a Florida state prison in October 2021, jail officials allegedly failed to provide proper treatment for the injuries he sustained in the shower. (*Id.* at 10-12). Based on these allegations, Mr. Shoup sues Sheriff Alvin Nienhuis and several jail officials, alleging that they violated his constitutional rights by (1) "providing a corrosive product for hygienic use" and (2) "neglecting reasonable medical care or treatment." (*Id.* at 7-9, 12).

After careful review, 28 U.S.C. § 1915A, the Court concludes that the complaint must be dismissed without prejudice because it is duplicative of an earlier action. "[A] plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious under the [Prison Litigation Reform Act]." *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021). A complaint is duplicative if it "aris[es] from the same series of events and alleg[es] many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). "Courts have summarily dismissed actions as . . . malicious where the complaints merely repeat[] pending or previously litigated claims, even if the parties and claims in the two . . . suits are not precisely the same." *Daker v. Bryson*, No. 5:15-cv-88-CAR-CHW, 2017 WL 11427081, at *4 (M.D. Ga. Dec. 29, 2017) (collecting cases), *adopted by* 2018 WL 9598914 (M.D. Ga. July 19, 2018); *see also Sencial v. Lopinto*, No. 23-cv-3351, 2024 WL 776440, at *2 (E.D. La. Feb. 26, 2024) ("The fact that the prior cases may have involved different defendants or that new claims are now asserted does not affect the maliciousness of a successive action.").

In September 2022, Mr. Shoup filed a civil action in the Fifth Judicial Circuit that raised the same allegations as the present complaint. *Shoup v. Hernando Cnty. Detention Center*, No. 22-CA-954, Complaint (Fla. 5th Jud. Cir. Ct.).[1] In the earlier action, Mr. Shoup sued the Hernando County Detention Center, seeking $250,000 in damages for the injuries he sustained during the September 2018 shower incident. *Id.* at 1-3. He alleged that jail officials' "negligent issuance of a non-hygienic soap product" caused "undue pain and

---

[1] For Mr. Shoup's reference, the Court has attached copies of the relevant state-court documents.

suffer[ing]," and that their failure to provide adequate medical care reflected "deliberate indifference." *Id.* at 5. In June 2023, the state court dismissed the complaint "with prejudice" because Mr. Shoup failed to provide the Hernando County Detention Center with "proper and timely notice of his claim." *Shoup v. Hernando Cnty. Detention Center*, No. 22-CA-954, Order Dismissing Complaint at 1-2 (Fla. 5th Jud. Cir. Ct.).

Thus, the present action is duplicative of the earlier action because they "aris[e] from the same series of events" and concern "many of the same facts." *Bailey*, 846 F.2d at 1021. "The fact that the prior case[] may have involved [a] different defendant[] or that new claims are now asserted does not affect the maliciousness of [the] successive action." *Sencial*, 2024 WL 776440, at \*2; *see also Bailey*, 846 F.2d at 1021 (affirming dismissal of complaint as duplicative because it "repeat[ed] the same factual allegations . . . asserted in [the] earlier case, although [plaintiff] successively sued different defendants"). Moreover, Mr. Shoup "brought his duplicative complaint in this case knowingly" because the complaint discloses the earlier state-court action. *Daker*, 999 F.3d at 1310. Indeed, Mr. Shoup acknowledges that the earlier action concerned the jail's alleged "negligence" in failing to (1) prevent "chemical burns to [his] face" and (2) "properly treat [his] injury." (Doc. 1 at 5).

Accordingly, Mr. Shoup's civil-rights complaint, (Doc. 1), is **DISMISSED without prejudice** as malicious under 28 U.S.C. § 1915A. The Clerk is directed to enter judgment against Mr. Shoup, terminate any pending motions, and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on October 31, 2025.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE